UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

        Plaintiff,

                                   Case No. 14-cr-20800

v

                                   HON. MARK A. GOLDSMITH

D-1 GABRIEL URZUA SANCHEZ,

        Defendant.

_____/

**OPINION & ORDER**
**DENYING DEFENDANT'S MOTIONS REGARDING SENTENCING (Dkts. 80, 88)**

On March 18, 2016, a jury found Defendant Gabriel Urzua Sanchez guilty of conspiracy to possess with intent to distribute and to distribute controlled substances, and attempted possession of controlled substances with intent to distribute, 21 U.S.C. §§ 841(a)(1) & 846. See Jury Verdict Form (Dkt. 61). Prior to trial, the Government filed a notice under 21 U.S.C. § 851 of its intent to seek an enhanced sentence due to Defendant's prior controlled-substance conviction (Dkt. 11).

A sentencing hearing was held on October 5, 2016. At that hearing, Defendant raised objections to a calculation in the Presentence Investigation Report ("PSIR"), and he later lodged those objections as a motion. That motion, which argued that Defendant's prior offenses under Minnesota law should not have been used to enhance his sentence pursuant to the Government's § 851 notice, was filed on November 2, 2016 (Dkt. 80) with the assistance of counsel. The Government filed a response (Dkt. 81). That motion focused on the nature of the Minnesota offenses.

While that motion was pending, Defendant filed a pro se motion for leave to file a supplemental brief on March 27, 2017 (Dkt. 84). This time, Defendant wished to bring a facial

1

challenge to all § 851 enhancements; Defendant also stated that, despite his best efforts, he had been unable to get in touch with his attorney.

This Court denied this second motion because Defendant was represented by counsel, but it ordered his attorney to either (i) file a motion based on Defendant's arguments or (ii) explain why such motion should not be filed (Dkt. 85). Counsel met with Defendant and submitted a motion raising the issues that Defendant raised in his March 27, 2017 pro se motion (Dkt. 88). The Government filed a response to that motion as well (Dkt. 90).

The Court addresses these two motions in the order that they were filed. For the reasons that follow, both are denied.

## I. DISCUSSION

### A. Motion Objecting to Guidelines Calculations (Dkt. 80)

By default, the mandatory minimum sentence for Defendant's instant crimes of conviction is 10 years. See 21 U.S.C. § 841(b)(1)(A). That same statute, however, provides that "[i]f any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years . . . ." (Emphasis added.) A "felony drug offense" is defined by 21 U.S.C. § 802(44) as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances."

Defendant's alleged "prior conviction[s] for a felony drug offense" were committed in 1998 in Minnesota, in violation of Minn. Stat. §§ 152.021, 152.023. See PSIR ¶ 34; see also 1/5/2015 Notice of Penalty Enhancement ¶ 5.

To understand Defendant's argument, it is necessary to provide some background of the doctrine to which he analogizes his case. In Mathis v. United States, 136 S. Ct. 2243 (2016), the

Supreme Court outlined how the so-called "categorical approach" should apply to a so-called "generic crime" listed in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The ACCA prescribes a 15-year mandatory minimum sentence (i.e., a five-year enhancement) if a defendant is convicted of being a felon in possession of a firearm following three prior convictions for a "violent felony." 18 U.S.C. § 924(e)(1). The ACCA defines the term "violent felony" to include any felony, whether state or federal, that "is burglary, arson, or extortion." 18 U.S.C. § 924(e)(2)(B)(ii).

As they are listed in the statute, the crimes of burglary, arson, or extortion are interpreted as the "generic" versions of the offenses. For example, the "generic" definition of burglary includes the following elements: "an unlawful or unprivileged entry into a building or other structure, with intent to commit a crime." Mathis, 136 S. Ct. at 2248. In order to trigger the ACCA's violent-felony enhancement, then, a burglary conviction must necessarily — i.e., "categorically" — contain all of these elements. Even if a crime is labeled "burglary" by a state statute or court, if it is theoretically possible to commit the crime without satisfying all of the elements of generic burglary, a sentence cannot be enhanced based upon the prior conviction.

A crime that can be committed either by (i) conduct satisfying the generic definition or (ii) conduct outside of the generic definition — for example, a burglary that also can be committed by entering a non-structure, such as a vehicle — is considered "broader" than the generic offense and not eligible for the enhancement based on the record of the conviction alone. See id. at 2251. This is because the fact of the conviction does not reflect exactly what conduct the defendant committed (i.e., whether it triggers the enhancement). The facts establishing that a generic crime was committed must be found beyond a reasonable doubt by a jury or admitted by the defendant before an enhancement can apply.

Defendant argues that, under Mathis, and "categorical approach" jurisprudence, his prior

convictions cannot be labeled "felony drug offenses," categorically speaking. He seeks to assign to the term "felony drug offense" a "generic" definition, and then establish that the Minnesota crimes were broader than that generic definition. See Defs. Obj. to Guidelines at 6 ("The [Minnesota] statutes in this case sweep more broadly than the offenses outlined in the federal statute . . . .").

The Government's response (Dkt. 81) argues that the Mathis line of cases does not apply to the pertinent statutes, stating, "[d]ue to the dissimilarity between the Armed Career Criminal Act . . . , upon which Mathis was focused, and the Controlled Substances Act codified at 21 U.S.C. § 801, et seq. [the "CSA"], the Mathis rationale is inapplicable to the present case." Gov't Resp. at 2.

Whether the categorical approach can apply to a § 851 enhancement is a novel issue that this Court need not address at this time; at the very least, it does not appear that the categorical approach is strictly limited to the ACCA. See, e.g., Nijhawan v. Holder, 557 U.S. 29, 38 (2009) (applying categorical approach to Immigration and Naturalization Act). Whether the categorical approach applies at all is moot, because Defendant's prior convictions categorically fit the definition of a felony drug offense. Again, a "felony drug offense" is defined by 21 U.S.C. § 802(44) as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." (Emphasis added).

Defendant concedes that he was convicted of violating Minn. Stat. Ann. §§ 152.021 and 152.023. The undisputed record confirms this. See Minn. Crim. Compl. at 2-3, Ex. A to Gov't Sent. Mem. (charging Defendant with violating Minn. Stat. Ann. § 152.021 "subd. 2(1), subd.

3(a)" and Minn. Stat. Ann. § 152.023 "subd. 1(1), subd. 3(a)") (Dkt. 78-1).[1]  The 1997 public acts amending those statutes contain the statutory text as it existed when Defendant was convicted.

> Minn. Stat. Ann. § 152.021 Subd. 2(1) (1997) provided:
>
>> Subdivision 2.  Possession Crimes.  A person is guilty of a controlled substance crime in the first degree if:
>>
>>> (1) the person unlawfully possesses one or more mixtures of a total weight of 25 grams or more containing cocaine or heroin.
>
> Minn. Stat. Ann. § 152.023 Subd. 1(1) (1997) provided:
>
>> Subdivision 1. Sale Crimes. A person is guilty of controlled substance crime in the third degree if:
>>
>>> (1) the person unlawfully sells one or more mixtures containing a narcotic drug.

Even assuming that the categorical approach applies to § 851 — a question of law that this Court declines to reach — both of these crimes plainly fit within 21 U.S.C. § 802(44)'s definition of a "felony drug offense," because both "prohibit[ ] or restrict[ ] conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances."  Stated differently, because there is no possible way that Defendant was convicted under these Minnesota statutes without having committed a "felony drug offense," this Court is not engaging in improper judicial fact-finding by considering the § 851 enhancement.

There are two other flaws with Defendants' motion.  First, a crucial part of the categorical approach is the identification of the "generic" offense's elements.  Here, the analogue to a generic offense is the definition of "felony drug offense" found in 21 U.S.C. § 802(44).  Defendant, however, adopts the definition of a "controlled substance offense" found in U.S.S.G.

---

[1] In both of these cases, "subd. 3(a)" prescribed the penalties that applied if a conviction under subdivisions 1 or 2 obtained.  These subdivisions, therefore, are irrelevant to the categorical approach, because they do not proscribe any particular conduct.

§ 4B1.2(b).  See Def. Obj. to Guidelines at 5.  This Guidelines provision describes conduct that is narrower than that described in the definition of a felony drug offense.  Second, Defendant did not carry his burden to explain how, exactly, the Minnesota statute was broader than the so-called "generic" crime of a felony drug offense (or, for that matter, a controlled substance offense).

Because each conviction under the Minnesota statutes at issue can be described as a felony drug offense, Defendant's motion is denied.

**B.  Motion to Dismiss Increase Statutory Penalties (Dkt. 88)**

In this motion, Defendant invokes principles of contract law to argue that § 851 was impermissibly used to "coerce" him to forgo his Sixth Amendment right to a jury trial and enter into a plea agreement.   It appears to this Court, however, Defendant — who went to trial and thus was not "coerced" into pleading guilty — is actually arguing that the Government "seeks to punish him" for going to trial via § 851.  See Def. Br. at 2 (Dkt. 88-1).  In any case, Defendant cites absolutely no law in support of his position that § 851 is coercive in nature, nor does he elaborate on his claim that the Government — who indicated its intent to seek a § 851 enhancement well before Defendant's decision whether to go to trial — continues to seek the enhancement to punish him.  See id. at 2-3.[2]

Defendant also argues that § 851 enhancements are arbitrary and capricious, citing memoranda from former Attorney General Eric Holder suggesting that the enhancements should not be sought in cases not "appropriate for severe sanctions."  Id. at 4.

As the Government points out, the Sixth Circuit has held that there is no meaningful distinction, in constitutional terms, between a prosecutor's initial charging discretion and his or

---

[2] Defendant did cite United States v. Young, 766 F.3d 621, 630-631 (6th Cir. 2014) (Stranch, J., concurring), but only for the general idea that mandatory minimum sentences should be reserved for "dangerous felons causing the public harm."  This does not relate to Defendant's stated theory.

her decision whether to seek an enhancement under § 851.  See Gov't Resp. at 2 (citing United States v. Crayton, 357 F.3d 560, 571 (6th Cir. 2004) (rejecting argument that § 851 was used punitively and holding that "[t]he discretion a prosecutor exercises in determining whether an enhanced statutory maximum applies under § 851 is similar to the initial discretion the prosecutor has in deciding which charges to bring against a defendant, discretion that is obviously constitutional")).  And Defendant points to no authority holding that prosecutors must comply with advisory Attorney General memoranda.

Finally, by way of relief, Defendant asserts that "this Court retains the discretion to impose a more appropriate sentence" than the mandatory minimum imposed by § 851.  See Def. Br. at 3.  This is false; the statute leaves no such discretion to the district court.  See 21 U.S.C. § 851(d)(1) ("If the person files no response to the information, or if the court determines, after hearing, that the person is subject to increased punishment by reason of prior convictions, the court shall proceed to impose sentence upon him as provided by this part.").

## II.  CONCLUSION

For the reasons set forth above, Defendant's sentencing motions (Dkts. 80, 88) are denied.  Sentencing will take place on a date to be determined.

SO ORDERED.

Dated:  August 29, 2017                          s/Mark A. Goldsmith
        Detroit, Michigan                        MARK A. GOLDSMITH
                                                 United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 29, 2017.

                                                 s/Karri Sandusky
                                                 Case Manager