UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

              Plaintiff,                                    Criminal Case No. 14-cr-20800
                                                Civil Case No. 21-cv-11897

v.                                                     HON. MARK A. GOLDSMITH

GABRIEL URZUA SANCHEZ,

              Defendant.

_____/

## OPINION & ORDER
### (1) DENYING DEFENDANT'S MOTION TO VACATE SENTENCE (Dkt. 137) AND
### (2) DENYING DEFENDANT'S MOTIONS TO EXPEDITE (Dkts. 147, 149)

Before this Court is Defendant Gabriel Urzua Sanchez's motion to vacate his sentence under 28 U.S.C. § 2255 (Dkt. 137). For the reasons that follow, the Court (i) denies Sanchez's motion to vacate sentence (Dkt. 137) and (ii) denies Sanchez's motions to expedite the Court's ruling on his § 2255 motion (Dkts. 147, 149).[1]

## I. BACKGROUND

In 2016, a jury convicted Sanchez of conspiracy to possess with intent to distribute controlled sentences, in violation of 21 U.S.C. § 841(a)(1) and 846, and attempted possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1). See Jury Verdict Form (Dkt. 61). Sanchez was sentenced to concurrent terms of 240 months' imprisonment plus 120 months of supervised release. See Judgment (Dkt. 106). Sanchez appealed his conviction and

---

[1] Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). In addition to the motion, the briefing includes the Government's response (Dkt. 145), Sanchez's reply (Dkt. 146), and Sanchez's supplemental brief (Dkt. 148).

the United States Court of Appeals for the Sixth Circuit affirmed this Court's judgment.  See 2/5/19 Order from U.S. Court of Appeals (Dkt. 120).  The Supreme Court of the United States denied Sanchez's petition for a writ of certiorari.  See 10/10/19 Letter from U.S. Supreme Court (Dkt. 124).  Sanchez then filed a § 2255 motion to vacate his sentence.  For the reasons that follow, the Court denies Sanchez's § 2255 motion.

## II.  ANALYSIS

Sanchez argues that his sentence should be vacated because "no rational jury could have found the essential elements of a conspiracy beyond a reasonable doubt."  Mot. to Vacate at PageID.1545.  This is essentially the same argument Sanchez raised on appeal, although Sanchez now bases his argument on a slightly different theory.  On appeal, Sanchez argued that he could not have conspired with his co-Defendant Joe Mora Amaya to possess drugs with an intent to distribute because Sanchez did not know that Amaya had drugs.  See Order from U.S. Court of Appeals at PageID.1500.  The Sixth Circuit rejected this argument, finding that "the government presented evidence that established each element of Sanchez's drug conspiracy offense."  Id.

Now, Sanchez argues that while the evidence might have shown that he negotiated a future drug deal with Amaya, it did not show that he conspired to possess drugs with an intent to distribute.  Id. at PageID.1555.  This argument fails, however, for one of two reasons.  First, to the extent this is a repackaging of the argument Sanchez raised on appeal, Sanchez cannot relitigate the issue now.  See, e.g., Oliver v. United States, 90 F.3d 177, 180 (6th Cir. 1996) (affirming district court holding that "because [an] issue was fully and fairly presented on direct appeal, [the] petitioner could not [] use a § 2255 petition to relitigate it, absent an intervening change in the law").  Sanchez does not argue that there has been an intervening change in the law, so he is prohibited from relitigating issues he already raised on appeal.

Second, even if this were a new argument, Sanchez procedurally defaulted the claim by failing to raise it on appeal.  See, e.g., Bousley v. United States, 523 U.S. 614, 621 (1998).  In Bousley, the Supreme Court held that "[w]here a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'"  Id. at 622 (punctuation modified).  Here, Sanchez has offered no explanation for why he failed to raise this issue on appeal, and he does not claim that he was actually innocent.

In addition to arguing that his sentence should be vacated, Sanchez references sentencing issues in his reply and supplemental brief.  But Sanchez's exact argument regarding sentencing is unclear, and it is not the Court's job to fashion one on his behalf.  See, e.g., United States v. Mungarro, No. 07-20076, 2020 WL 1933816, at *3 (E.D. Mich. Apr. 22, 2020) ("It is not the court's responsibility to craft winning legal arguments for [the parties].").  Further, Sanchez did not seek leave to file a supplemental brief and had no right to do so otherwise.  See, e.g., Albino-Martinez v. Adducci, 454 F. Supp. 3d 642, 646–647 (E.D. Mich. 2020) ("Parties do not have a right to file a surreply brief under the federal procedural rules or the local rules . . . . Parties must seek leave to file a surreply.") (punctuation modified) (collecting cases).

Regardless, Sanchez cannot raise a new ground for relief in a reply brief.  See, e.g., Abraitis v. United States, No. 1:11-cv-2077, 2012 WL 2885586, at *1 (N.D. Ohio July 13, 2012) (explaining that "'reply briefs reply to arguments made in the response brief—they do not provide the moving party with a new opportunity to present yet another issue for the court's consideration'") (emphasis omitted) (quoting Scottsdale Ins. Co. v. Flowers, 513 F.3d 546, 553 (6th Cir. 2008)).  For these reasons, the Court does not address Sanchez's arguments regarding sentencing.

Lastly, Sanchez filed two motions asking the Court to expedite its ruling on his § 2255 motion (Dkts. 147, 149).  Because the Court has now ruled on Sanchez's § 2255 motion, the motions to expedite are denied as moot.

### III.  CONCLUSION

For the reasons explained above, the Court (i) denies Sanchez's motion to vacate sentence (Dkt. 137) and (ii) denies Sanchez's motions to expedite (Dkts. 147, 149).

SO ORDERED.

Dated: May 13, 2024                          s/Mark A. Goldsmith
      Detroit, Michigan                     MARK A. GOLDSMITH
                                United States District Judge