

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

V.   CASE NO. 2:14-CR-20800

GABRIEL URZUA SANCHEZ,

### MOTION FOR REDUCTION OF SENTENCE UNDER 18 U.S.C. §3582(C)(2) AMENDMENT 782

NOW COMES the Petitioner, Gabriel Urzua Sanchez, respectfully files this Motion for Reduction of Sentence Pursuant to 18 U.S.C. §3582(C)(2), in light of the U.S.S.G. Amendment 782.

**BACKGROUND**

The Petitioner was sentenced under an illegal enhancement based on 21 U.S.C. §851. The §851 enhancement subjected Mr.Sanchez to a mandatory minimum sentence of 240 months. In light of this miscarriage of justice, the law states that Minnesota state statute for a conviction of cocaine no longer qualifies as a "Felony Drug Offense" under federal law. This fact is supported by the federal definition of cocaine which does not include "positional isomers of cocaine". See United States v. Owen, 51 F.th 292(8th.Cir,2022), United States v. Eggerson, 2023 U.S. Dist Lexis 112962, No. 22-CV-1737(D WF).

Thus, Mr.Sanchez's conviction under Minnesota's first degree possession of cocaine statute(1998) 3152.021 and Minnesota's third degree sales

v. Capps, No. 1:11-cr-00108, at 19(E.D.MO Jan 31,2024), United States v. Domenech, 63 F.4th 1078(6th.Cir.March 31,2023) found under §3582(c)(2) Amendment 782 was granted in United States v. Smith, 2024 U.S. Dist. Lexis 30932(D,Md Feb 21,2024). If Mr.Sanchez were sentenced today given the decision in Owen, he would not be subjected to the §851 enhancement and the resulting 240 months mandatory minimum sentence.

## Conclusion

In light of the current legal landscape and the fact that Mr.Sanchez Minnesota convictions do not qualify as "felony drug offenses" for the use of enhancing his sentence under §851, the Petitioner ask that this Honorable Court grant this motion for Reduction of Sentence and reduce his sentence to a guideline range between 135-168 months.

Respectfully Submitted,

Gabriel Urzua Sanchez
#50621-039
FCI Manchester P.O. Box 4000
Manchester ,Ky 40962

(1998) 3152.023 both sweep broader than the federal definition of cocaine which only list optical and geometrical isomers and not positional isomers. See Owen supra. Kwong v. Holder, 671 F,3d. 872(9th.Cir.2011), Coleman v. United States, 79 F.4th 822(7th.Cir.2023), United States v. Ocampo-Sanchez, 873 F.3d 661(9th.Cir.2017), United States v. Ruth, 966 F.3d 642, 648-50 (7th.Cir.2020), Samas v. United States, No. 3:10-CV-422, 2011 WL 221866, 2-4(D.Conn. Jan 20,2011).

    Mr.Sanchez is seeking a Reduction of Sentence, due to the fact that the Minnesota convictions that triggered the §851 enhancement no longer qualify under 21 U.S.C. §802(44), See Mathis v. United States, 579 U.S. 500, 136 S.Ct. 2243(2016). These convictions are not "Felony Drug Offenses" and were improperly applied for the §851 enhancement inwhich increased his guideline from 135-168 to a mandatory minimum of 240 months. This clear and obvious disparity in the sentence he received and the sentence that Mr.Sanchez would receive today under the present law raises grave concerns, and hints at the alternative that Mr.Sanchez could have proceeded to trial if not for this illegal sentence enhancement. (See Sentencing Comm'n 2011 Report to Congress 'Mandatory Minimum Penalties in the Federal Criminal Justice System' 359,(2011)).

    Mr.Sanchez has completed over 50% of his current sentence. The Petitioner has not received any disciplinary infractions in ten plus years of incarceration. Mr.Sanchez is currently enrolled in the GED classes and has maintained a job throughout his incarceration in the B.O.P. Mr.Sanchez can not read or write and is the father of five children that he wishes to rejoin in society in the near future. Mr.Sanchez meets the §3553(a) factors under §3582(C)(2), **see** United States v. Brown No. 2:95-CR-66(2) 2024 U.S. Dist. Lexis 18673 (S.D.OH. February 2,2024), United States v.

 

## Institution Response - Inmate Request to Staff Member
### Federal Correctional Institution
### Manchester, Kentucky

Inmate Name:        SANCHEZ, Gabriel Urzua
Register Number:    50621-039
Work Assignment:    Kitchen AM
Unit:               Laurel B

This is in response to your Inmate Request to Staff Member, which was received on June 4, 2024, in which you request consideration for a Compassionate Release and/or Reduction in Sentence under section 2. Requests Based on Non-Medical Circumstances-Extraordinary or Compelling Circumstances.

Program Statement 5050.50, "Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C 3582 and 4205 (g), dated January 17, 2019, addresses your request. While the Bureau of Prisons does afford the opportunity for inmates to be considered for a Compassionate Release/Reduction in Sentence, there are strict guidelines which manage this process. After a careful review of your request and the information provided, you have not provided adequate information regarding your claim. Therefore, you do not meet the criteria for a Compassionate Release or Reduction in Sentence. Your request is strictly related to sentencing guidelines imposed by the Court in which the Bureau of Prisons does not govern.

Your request for consideration for a Compassionate Release/Reduction in Sentence is denied. I trust this information has addressed your concerns.

_____         _____
Christine Hilliard, Warden                        6/24/24
                                                  Date

NAME Gabriel Uriza Sanchez
REG. NO. 50621-039  QTR. _____
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 4000
MANCHESTER, KY 40962-4000

LEGAL MAIL

KNOXVILLE TN 377
10 JUL 2024 PM 3 L

U.S. District Court Clerk
231 West Lafayette Blvd Room- 564
Detroit, MI 48226

46226-271839