UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

                                                    Criminal No. 14-20800

v.                                         Honorable Mark A. Goldsmith

Gabriel Urzua Sanchez,

        Defendant.

## Government's Response in Opposition to Defendant's Motion for a Sentence Reduction (ECF No. 156)

In March 2016 a jury convicted Gabriel Sanchez for his role orchestrating the delivery and attempted receipt of almost eight kilograms of cocaine, heroin, and methamphetamine. Sanchez's mandatory minimum sentence was enhanced pursuant to 21 U.S.C. §§ 841 and 851 to 20 years due to his prior state conviction for possession of cocaine. This Court sentenced him to 240 months in prison. Sanchez now seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). But the statute does not provide Sanchez the relief he seeks, and his motion should be denied.

### Procedural Background

After he was initially charged on a complaint, a grand jury returned an indictment against Sanchez charging him with conspiracy to possess with intent to distribute and to distribute controlled substances and attempted possession with

intent to distribute controlled substances (ECF No.10, PageID.15–18). On January 5, 2015, the government filed a Notice of Penalty Enhancement, pursuant to 21 U.S.C. § 851, which increased the statutory mandatory minimum penalty from 10 to 20 years based on Sanchez's prior Minnesota felony drug conviction for possession of cocaine. (ECF No.11, PageID.20–22; PSR ¶ 34). Following a trial, a jury returned verdicts of guilty on both counts. The jury further found that the conspiracy and Sanchez's attempted possession of controlled substances involved 50 grams or more of actual methamphetamine or 500 grams or more of methamphetamine, one kilogram or more of heroin, and more than 500 grams of cocaine. (ECF No. 61, PageID.201–03).

At sentencing, on January 10, 2018, the Court determined that Sanchez's advisory guideline range was 135–168 months (based on an offense level 32 and a criminal history category II), but because of the penalty enhancement his statutory minimum was 240 months. (ECF No.109, PageID.1239–40). The Court sentenced Sanchez to concurrent custodial terms of 240 months. (ECF No. 106, PageID.1226–27). Sanchez appealed and has collaterally attacked his conviction repeatedly without success. His current challenge to his sentence also fails.

## Argument

Sanchez seemingly took a scattershot approach with his motion, citing case law from the Eight Circuit that may impact whether his prior drug offense would

2

still qualify as a predicate felony for a sentencing enhancement; 18 U.S.C. § 3852(c)(2), that generally allows courts to reduce a sentence if an applicable amendment lowers a guideline range and applies retroactively; and guideline Amendment 782 that lowered the base offense level for drug offenses. But nothing Sanchez cited gives this Court the authority to reduce his sentence.

Once a sentence is imposed it can only be modified in very narrow, qualifying circumstances. One such avenue is pursuant to 18 U.S.C. § 3852(c)(2), which allows district courts to reduce a prison term if a defendant's guideline range is subsequently lowered by the Sentencing Commission and is consistent with applicable policy statements of the Commission. But for a defendant who has already been sentenced to benefit from a guideline change, it must be retroactive. A court's power under § 3582(c)(2) thus depends in the first instance on the Commission's decision not just to amend the Guidelines but to make the amendment retroactive.

Some examples in recent history where such an amendment retroactively applied include 2011's Amendment 750 that lowered the guidelines for crack cocaine offenses; 2014's Amendment 782 that reduced drug sentencing guidelines by reducing most base offense levels by two; or 2023's Amendment 821 that altered the application of how status points for individuals who committed an offense while on supervision were calculated and created a new guideline for

3

individuals without a criminal history, reducing their offense level by two points. The district court may have discretion to reduce a sentence under 18 U.S.C. § 3852(c)(2) in those specific circumstances.

However, unlike a recognized retroactive amendment to the guidelines, Sanchez seeks a sentence reduction from the Court because his prior cocaine possession conviction may no longer qualify as a predicate felony for a sentencing enhancement after the Eighth Circuit ruled that the Minnesota state statute prohibits more cocaine-related substances than federal law and is therefore broader. *See United States v. Owen*, 51 F4th 292 (8th Cir. 2022). The ruling limited which convictions count as "serious drug offense[s]" under the Armed Career Criminal Act. But this Court does not need to address the merits of whether Sanchez's prior conviction would be considered a qualifying offense if he were charged today, and the government sought to enhance his sentence. Any ruling from the Eight Circuit regarding the qualifying predicated felonies does not equate to the Sentencing Commission lowering the applicable guideline range, which is the relief § 3582(c)(2) provides.

Furthermore, a reduction in a defendant's term of imprisonment must also be consistent with the policy statements of the Sentencing Commission. A reduction in the defendant's term of imprisonment is not consistent with the policy statement of the sentencing guidelines and therefore is not authorized under 18 U.S.C. §

4

3582(c)(2) "if . . . an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The "applicable guideline range" is defined in application note 1(A) as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance."

Sanchez also specifically cites to Amendment 782 of the guidelines to support his motion. Amendment 782 lowered the penalties for most drug offenses by reducing base offense levels on the § 2D1.1 Drug Quantity Table by two levels. In Amendment 788, the Sentencing Commission authorized Amendment 782 to be applied retroactively to lower the sentences of previously sentenced inmates, effective November 1, 2015. But any change to qualifying predicates for a drug enhancement did not change Sanchez's base offense level. Therefore, while Amendment 782 is a "covered amendment" under U.S.S.G. § 1B1.10(d), it does not help Sanchez.

Sanchez seems to have incorrectly conflated a possible change to qualifying predicate felonies for a sentencing enhancement with a lowering of his guidelines. Sanchez also fails to cite any authority that supports the retroactive application of the narrowing of predicate offenses for his sentencing enhancement. In fact, analogous case law has held to the contrary. *See United States v. Grayson*, No. 10-

5

20388, 2020WL 3481646 at * 2 (June 26, 2020) (Parker, J.) (Court could not reduce defendant's sentence pursuant to § 3582(c)(2) even though his prior felony conviction would not have qualified as a "felony drug offense" to enhance his statutory minimum under the First Step Act because it was not retroactive); *Smith v. Ormond*, No.18-5101, 2018 WL 7143637 at *1–2 (6th Cir. July 30, 2018) (Court rejected claim that a sentence pursuant to 21 U.S.C. § 841(b)(1)(A) could not be enhanced because it was not predicated upon offenses that categorically matched a Controlled Substances Act felony and therefore the prior sentenced was not "misapplied").

## Conclusion

This Court should deny Sanchez's motion.

>Respectfully submitted,
>
>Dawn N. Ison
>United States Attorney
>
>/s/ Andrea Hutting
>Andrea Hutting
>Assistant United States Attorney
>211 West Fort Street, Suite 2001
>Detroit, MI 48226
>313-226-9110
>Andrea.Hutting@usdoj.gov

Dated: November 26, 2024

## Certificate of Service

I hereby certify that after I filed the foregoing document with the Clerk of the Court using the CM/ECF system a representative from the U.S. Attorney's Office mailed a copy to the following address:

Inmate Gabriel Urzua Sanchez #50621-039
FCI Elkton
Federal Correctional Institution
P.O. Box 10
Lisbon, OH 44432

*s/Andrea Hutting*
Andrea Hutting
Assistant United States Attorney
